FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY 21 P
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PHILLIP WESLEY GOODMAN, :
:
    Plaintiff, :
:
v. :    CIVIL ACTION NO.: CV513-029
:
RICHARD E. CURRIE and :
BRAD COLLINS, :
:
    Defendants. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was arrested on May 21, 2012, and did not have a bond hearing until October 17, 2012. Plaintiff also asserts that his attorney informed him that the only reason he received a bond at all was because the district attorney did not indict him within the statutorily required time. Plaintiff names as Defendants the District Attorney's Office, District Attorney Richard Currie, and Assistant District Attorney Brad Collins. As relief, Plaintiff seeks the dismissal of his charges and his immediate release. Plaintiff also seeks to be reimbursed for the amount his child support payments "has back[ed] up once again[ ]" and $300,000.00 for being held against his will. (Doc. No. 1, p. 6).

When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Plaintiff must exhaust his

available state remedies before a federal court can address these claims. Plaintiff's claims for dismissal of his state charges and his immediate release should be **DISMISSED**.

Moreover, prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not alleged that Defendants Currie or Owens or anyone else with the District Attorney's Office acted outside the scope of his or her position as a prosecutor. Accordingly, Plaintiff cannot maintain a claim against the District Attorney's Office or Defendants Currie or Owens. Plaintiff's claims for the recovery of monetary damages should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED, this 21st day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

3